IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES ROY, on behalf of himself and all others similarly situated, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RDB-15-3466 |
| | * | |
| TITEFLEX CORPORATION t/a GASTITE, and WARD MANUFACTURING, LLC, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

This purported class action lawsuit arises out of the presence of allegedly dangerous "Gastite®" tubing and "Wardflex®" piping in residential and commercial structures in the State of Maryland. The Plaintiff, James Roy ("Plaintiff" or "Roy"), on behalf of himself and two proposed classes,[1] filed a six-count Class Action Complaint against the Titeflex Corporation ("Titeflex") and Ward Manufacturing, LLC ("Ward")[2] (collectively

---

[1] The two classes are (1) "the owners of all residential and commercial structures with Wardflex®" and (2) "the owners of all residential and commercial structures with Gastite®." Compl., ¶¶ 13–14, ECF No. 2.

[2] The present action is the latest in a series of nearly identical class action tort suits brought in this Court against Ward, all of which have subsequently been dismissed. *See Hasley v. Ward Manufacturing, LLC*, RDB-13-1607 (dismissed with prejudice, no appeal); *Pelino v. Ward Manufacturing, LLC*, RDB-14-2771 (dismissed; appeal voluntarily dismissed by Plaintiff). Additionally, the present action was previously removed to this Court under the caption *Roy v. Titeflex Corp., et al.*, RDB-13-3878 and was dismissed with prejudice by this Court's Order (ECF No. 36) for lack of standing. However, this Court subsequently vacated that Order upon the parties' agreement that the case should be remanded to the Circuit Court for Montgomery County, Maryland. As discussed *infra*, Defendants now seek to remove the present action to this Court for a second time, despite having previously consented to remand.

"Defendants") asserting strict liability pursuant to § 402A of the Restatement (Second) of Torts (Counts I and II), negligence for design defect  (Counts III and IV), and negligence for failure to warn (Counts V and VI).  *See* Compl., ¶¶ 106–165, ECF No. 2.  Currently pending before this Court is Plaintiff's Motion to Remand this case to the Circuit Court for Montgomery County, Maryland (ECF No. 45).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 45) is GRANTED.  Accordingly, this case shall be remanded to the Circuit Court for Montgomery County, Maryland.

## BACKGROUND

Titeflex and Ward both manufacture and distribute corrugated stainless steel tubing ("CSST").  *See* Compl., ¶¶ 2–3, EFC No. 2.  CSST is an ultrathin, flexible piping which is used to transport natural gas in residential and commercial buildings.  *See id.*  Titeflex's CSST is called Gastite®; Ward's is known as Wardflex®.  *See id.* ¶¶ 3–4.  Plaintiff Roy attributes the same threats of injury to both companies' CSSTs.  He contends that CSST is dangerous because electrical energy from nearby lightning strikes can puncture a hole in the pipe and ignite the natural gas contained inside.  *See id.* at ¶¶ 38–40.  Roy further contends that Defendants were aware of this risk and failed both to take proper precautions and to warn class members.  *See id.* at ¶¶ 62–66, 71–75. Based on these assertions, he claims that he and other purported class members have suffered damages.

In 2013, Roy filed the present lawsuit in the Circuit Court for Montgomery County, Maryland.  That case was subsequently removed to this Court, but was dismissed with prejudice by this Court's Order dated August 22, 2014.  *See* Order, ECF No. 36, *Roy v.*

*Titeflex Corp., et al.*, RDB-13-3878.  In an accompanying Memorandum Opinion, this Court explained that Roy lacked standing as he had "present[ed] neither actual injury nor any evidence that one [was] imminent" and that he did not state a claim for relief under the Maryland Economic Loss Rule.  *See Roy v. Titeflex Corp., et al.*, No. RDB-13-3878, 2014 WL 4215614, at *3-4 (D. Md. Aug. 22, 2014).

Shortly thereafter, Roy filed a Motion to Alter or Amend this Court's Order of Dismissal "to vacate that portion of the Order dismissing the case with prejudice, and instead remanding this action back to the Circuit Court for Montgomery County, Maryland." Mem. Supp. Mot. to Alter or Amend, p. 5, ECF No. 37-1.  Defendants consented to remand, despite the fact that this Court's Order had dismissed with prejudice all claims against them.  *See* Defs.' Joint Response, ECF No. 39.  Accordingly, this Court vacated its previous Order of Dismissal and remanded the action to the Circuit Court for Montgomery County, Maryland.  *See* Order, ECF No. 40; Remand Letter, ECF No. 41, RDB-13-3878.

On remand, Defendants filed a Motion to Dismiss Plaintiff's state court action, which Montgomery County Circuit Court Judge Ronald B. Rubin denied, concluding that Plaintiff had standing under Maryland law and had adequately asserted a state law cause of action for which he could recover economic losses.  *See* Order, *Roy v. Titeflex, et al.*, Case No. 384003-V, Circuit Court for Montgomery County, Maryland, ECF No. 45-7.  Judge Rubin entered a scheduling order for the case, with a trial date of September 12, 2016 (ECF No. 45-8).  Subsequently, Defendants filed a second Notice of Removal to this Court (ECF No. 1), and Plaintiff filed the pending Motion to Remand (ECF No. 45).

## ANALYSIS

Despite having previously agreed that this putative class action should be remanded to the Circuit Court for Montgomery County, Maryland, *see* Defs.' Joint Response, ECF No. 39, RDB-13-3878, Defendants now seek to remove Plaintiff's action to this Court for a second time.   In support of his Motion to Remand (ECF No. 45), Plaintiff raises three arguments.   First, he contends that Defendants waived any right to removal that they may have had by filing a Motion to Dismiss in state court.   Next, he argues, even if Defendants did not waive their right to removal, this Court has already ruled that Plaintiffs lack standing to sue in federal court, and Judge Rubin's decision that they do have standing in state court does not alter that determination.   Finally, he argues, even if standing in state court creates Article III standing, standing is not a proper basis for removal under 28 U.S.C. § 1446.

Plaintiff first argues that Defendants waived any right they had to remove this case to federal court by filing a Motion to Dismiss in the Circuit Court for Montgomery County, Maryland.   Pl.'s Mot. to Remand, p. 5, ECF No. 45.   According to Plaintiff, Defendants' most recent attempt to remove this case to federal court, now that their Motion to Dismiss has been denied in state court, is impermissible forum shopping.   *Id.* at 7.   The parties agree that defendants may waive their right to removal where they demonstrate a "clear and unequivocal" intent to do so.   *Id.* at 5-6 (citing J*ohnson v. Celotex Corp.*, 701 F. Supp. 553, 554 (D. Md. 1998), *superseded by statute on other grounds as stated in Zumas v. Owens–Corning Fiberglass Corp.*, 907 F. Supp. 131, 132 (D. Md. 1995)); Def.'s Opp'n, p. 5, ECF No. 49 (citing *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)).

Here, Plaintiff contends, Defendants "indicated a clear and unequivocal intent to waive their right to removal" by filing a Motion to Dismiss in state court. *Id.* at 6-7. Additionally, Defendants explicitly consented to remand the last time Plaintiff's claims were brought in federal court. *See* Def.s' Joint Response, ECF No. 39, RDB-13-3878. Plaintiff cites this Court's decision in *Gist v. Eagle-Picher Indus., Inc.*, No. JFM-88-604, 1988 WL 145326, at *2 (D. Md. Mar. 4, 1988) for the proposition that " 'actions that may result in a disposition on the merits of the state court action, in whole or in part, have . . . been found to evidence the requisite intent [to waive a defendant's right to remove].' " *Gist*, 1988 WL 145326 at *2 (quoting *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986)); *see also Rich v. Sevier*, No. CIV. 3:11-0362, 2011 WL 1833185, at *2 (M.D. Tenn. May 12, 2011) ("Defendants waived any right to removal that may have existed by their filing and pursuing of a Motion to Dismiss in the State Court.").

Defendants do not deny that dispositive motions are evidence of waiver or that they filed a dispositive motion in the Circuit Court for Montgomery County, Maryland. However, they argue that only those actions taken in state court **after** a right to removal accrues are considered evidence of waiver. Def.'s Response, p. 6, ECF No. 49 (citing *Johnson*, 701 F. Supp. at 555); *see also Johnson v. Xerox Educ. Solutions, LLC*, No. GJH-14-CV-15422, 2014 WL 5361302, at *5 (D. Md. Oct. 20, 2014). Here, Defendants argue, their right to removal did not accrue until after Judge Rubin denied their Motion to Dismiss the state action and held that Plaintiff had adequately asserted a state law cause of action for which he could recover economic losses. *Id.* at 7. Defendants argue that, despite this Court's previous ruling that Plaintiff lacks standing to bring this action in federal court, Judge Rubin's Order

"transformed this action into an actual case or controversy," now capable of being removed. *Id.* at 5.

Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or other paper ***from which it may first be ascertained that the case is one which is or has become removable***." (emphasis added). Whether or not Defendants have waived their right to removal depends on whether or not a fresh right to removal did in fact arise after Judge Rubin's Order. Defendants contend that a fresh right of removal has accrued "because a Maryland court [Judge Rubin] has determined that Maryland law recognizes a cause of action for which Plaintiff may seek to recover alleged economic losses on the complaint he filed." Def.s' Response, p. 7, ECF No. 49. In opposition, Plaintiff objects that removal is improper because standing in state court does not automatically create standing under Article III of the United States Constitution. Pl.'s Mot. to Remand, p. 7, ECF No. 45.

"Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985); *Miller v. Augusta Mut. Ins. Co.*, 157 Fed. Appx. 632, 636 (4th Cir. 2005). As the United States Supreme Court explained in *Lujan v. Defenders of Wildlife, et al.*, 504 U.S. 555 (1992), standing in federal court consists of three elements: (1) a plaintiff "must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (B) actual or imminent, not conjectural or hypothetical;" (2) a "causal connection between the injury and the conduct complained of;" and (3) it must "be likely, as

opposed to merely speculative, that the injury" is redressable. *Lujan*, 504 U.S. at 560–61 (internal quotations and citations omitted).  In contrast, Maryland courts "have adopted the 'cause-of-action' approach, which groups the traditionally distinct concepts of standing and cause of action into a single analytical construct, labeled as 'standing,' to determine whether 'the plaintiff [has] show[n] that he or she is entitled to invoke the judicial process in a particular instance.' " *State Ctr., LLC v. Lexington Charles Ltd. Partnership*, 92 A.3d 400, 428-30 (Md. 2014) (quoting *Kendall v. Howard Cnty.*, 66 A.3d 684, 685 (2013)).

Defendants cite *FMC Corp. v. Boesky*, 852 F.2d 981, 993 (7th Cir. 1988), *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001), *Bevill Co. v. Sprint/United Mgmt. Co.*, 77 F. App'x 461, 462 (10th Cir. 2003), and *In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604, 620 (8th Cir. 2011) for the proposition that state law can create interests that satisfy the injury requirement of Article III standing.  However, Defendants cite no Fourth Circuit opinion nor any opinion of a United States District Court within the Fourth Circuit for this proposition.  Additionally, all of the cases cited by Defendants are factually distinguishable from the procedural posture of this case.  Although the *Boesky*, *Cantrell*, *Bevill*, and *Zurn Pex* courts agree that state law rights can satisfy Article III's injury requirement, none of them have held that a state court Judge's ruling on a Motion to Dismiss creates a right to remove a case to federal court for a second time, especially where, as here, a United States District Court Judge has already held that the parties lack Article III standing and Defendants have already consented to the action being brought in state court.  In fact, the Ninth Circuit specifically acknowledged in *Cantrell* that parties seeking to file suit in federal court cannot rely wholly on state law to establish standing, but "must meet the stricter federal standing

requirements of Article III." *Cantrell*, 241 F.3d at 683 (citing *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 618 (1989)).

Defendants cite *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185 (9th Cir. 2015) for the proposition that a "successive removal petition is permitted" upon " 'a relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new and different* ground for removal.' " Def.s' Response, p. 12, ECF No. 49 (citing *Reyes*, 781 F.3d at 1188). In *Reyes*, Defendant removed a class action claim to a United States District Court under the Class Action Fairness Act on the grounds that the amount in controversy exceeded five million dollars.[3]  *Reyes*, 781 F.3d at 1187.  The court proceeded to remand the action, finding that the complaint in fact alleged less than five million dollars.  *Id.*  On remand, the state court redefined and expanded the plaintiff's alleged class pursuant to California law.  *Id.* Defendant proceeded to file a second notice of removal, arguing that the new, expanded class certified by the state court placed more than five million dollars in controversy.  *Id.* at 1188.  A United States District Court remanded the case, finding that the second removal was untimely because it was based on the same class definition that had been the subject of the first removal.  *Id.*  The United States Court of Appeals for the Ninth Circuit reversed that decision, concluding that the state court's class certification order rendered the case removable and that the Defendant had 30 days from the date on which that Order was entered to file a notice of removal.  *Id.*  at 1189.  The Ninth Circuit explained that the

---

[3] The Class Action Fairness Act ("CAFA") grants federal courts original jurisdiction to hear a class action "if the class has more than 100 members, the parties are minimally diverse, and the " 'matter in controversy exceeds the sum or value of $5,000,000.' "  *See, e.g., Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

certification order "effectively amend[ed] the complaint," so as to create a "new and different ground for removal." *Id.*

In the present case, Judge Rubin's Order denying the Defendants' Motion to Dismiss did not "amend" the complaint in the same way as the state court's certification order in *Reyes*. Defendants cite no case from the Fourth Circuit, or any circuit, in which a state court Judge's denial of a Motion to Dismiss constituted a change of circumstances creating a fresh right of removal. In the present case, Judge Rubin ruled that Plaintiff stated a claim for relief in state court. This Court has previously held that Plaintiff does not state a claim for relief in federal court, under the standard outlined in *Lujan supra*. Defendants now seek to remove a complaint that both parties have confirmed is identical to a complaint this court previously remanded for lack of standing, an action this Court took with Defendants' consent.

"When the plaintiff challenges the propriety of removal, the defendant bears the burden to establish that removal was proper." *Kelly v. JP Morgan Chase Bank, National Association*, No. TDC-15-1115, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2011). " 'Doubts about the propriety of removal should be resolved in favor of remanding the case to state court.' " *Id.* (citing *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*) abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B)). For these reasons, Judge Rubin's Order did not create a right to a second removal of this case and, therefore, Defendants' filing of a Motion to Dismiss in

state court did represent a waiver of their right to removal.[4]  Accordingly, Plaintiff's Motion to Remand (ECF No. 45) is GRANTED.

<u>**CONCLUSION**</u>

For the reasons stated above, it is this 29th day of June, 2016, ORDERED that:

1.    Plaintiff's Motion to Remand (ECF No. 45) is GRANTED;

2.    This case be and it hereby is remanded to the Circuit Court for Montgomery County, Maryland;

3.    The Clerk of Court forthwith transmit a certified copy of this Order and the record in this case to the Clerk of the Circuit Court for Montgomery County, Maryland;

4.    The Clerk of the Court transmit a copy of this Memorandum Order to Counsel; and

5.    The Clerk of the Court ADMINISTRATIVELY CLOSE this case.

Dated:        June 29, 2016                          _____/s/_____

                                                              Richard D. Bennett
                                                              United States District Judge

---

[4] Having determined that Judge Rubin's Order did not create a fresh right to removal and, therefore, that Defendants waived their right to removal by filing a Motion to Dismiss in state court, this Court need not consider Plaintiff's final argument that Article III standing is not a basis for removal to federal court.